IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CR-296-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ERNEST JAMES MCDOWELL, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to suppress (DE # 31). The government timely filed a response in opposition. The matter was referred to United States Magistrate Judge David W. Daniel pursuant to 28 U.S.C. § 636(b)(1)(C). The magistrate judge held an evidentiary hearing, and then issued a memorandum and recommendation ("M&R") (DE # 41) in which he recommends that defendant's motion to suppress be denied. No objections to the M&R were filed within the time permitted by Rule 59(b) of the Federal Rules of Criminal Procedure, and the issues raised therein now are ripe for review. For the reasons that follow, the court adopts the magistrate judge's recommendation and denies defendant's motion to suppress.

### STATEMENT OF THE CASE

Defendant was indicted on August 26, 2010, with one count of possession with the intent to distribute a quantity of heroin, in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in and affecting commerce having been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924. On December 20, 2010, defendant moved to suppress evidence obtained following a traffic stop on August 4, 2010, and evidence obtained during the execution of a search warrant on August 5, 2010. Defendant

argues that law enforcement officers lacked reasonable suspicion to search his person following the traffic stop and that they lacked probable cause to later search his residence.

On January 14, 2010, the magistrate judge presided over an evidentiary hearing on defendant's motion to suppress. At the hearing, the government elicited the testimony of Michael Scully and Anthony Pennica, two officers with the Raleigh Police Department ("RPD") working on a Drug Enforcement Agency task force. Defendant did not testify or call any witnesses. Following the hearing, on January 31, 2010, the magistrate judge entered an M&R recommending that defendant's motion to suppress be denied.

## STATEMENT OF THE FACTS

The magistrate judge, who presided over the evidentiary hearing, provided a detailed statement of the facts of this case in his M&R. Those facts are incorporated by reference. The court will not repeat the magistrate judge's recitation of the facts, but instead summarizes some of the more pertinent facts here for reference.

The two officers testified that they were involved in an ongoing investigation of defendant upon receiving information that he was selling heroin in the Raleigh-Durham area. As part of the investigation, officers planned to use a confidential source ("CS") to set up a drug buy with another distributor in Durham in order to gauge defendant's involvement. The CS was not known to the officers, but had been used by the RPD in the past. The CS indicated that the other distributor was willing to provide the heroin, but that it would take some time to get it.

In the meantime, officers had begun surveillance on defendant's residence. After they were informed that the drug deal would shortly be taking place, they witnessed defendant exit his residence and get in his vehicle. They followed him to an apartment complex where he picked up

2

a female passenger. Defendant then started heading in the direction of Durham. Officers with the Wake County Sheriff's Office ("WCSO"), who had been tipped off by the RPD, observed defendant speeding and initiated a traffic stop.

After the stop was initiated WCSO officers called for a K-9 unit, which arrived less than fifteen minutes later. The canine alerted to the vehicle, but officers did not find drugs there. They did, however, find heroin in defendant's front pants pocket. Defendant was arrested, and the female passenger was questioned by officers. She stated that she did not know that defendant was still involved with narcotics, and permitted them to search her apartment where defendant kept some personal items. Officers discovered more heroin among defendant's belongings. The heroin was packaged similarly to that found on defendant's person.

Officers obtained a search warrant for defendant's residence, premised on the fact that defendant left his residence after a CS made a heroin order, that he was driving in the direction of the drug transaction set up by the CS, and that heroin was located upon a search of his person. During the execution of the warrant, officers found heroin, a loaded .44 caliber revolver with additional ammunition, and approximately $1000.00 in cash in his locked bedroom.

## DISCUSSION

Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of a specific and timely filed objection, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

3

Case 5:10-cr-00296-FL Document 42 Filed 03/07/11 Page 3 of 4

The magistrate judge thoroughly examined each of defendant's arguments challenging reasonable suspicion and probable cause. The magistrate judge found that officers had reasonable suspicion to search defendant's person following a lawful traffic stop, and that the stop and detention were not unreasonably prolonged by the K-9 sweep. The magistrate judge also found that probable cause existed to search defendant's residence, reasoning that a nexus between his residence and drugs was established through the uncontroversial inference that an individual discovered shortly afer leaving his residence with narcotics might be storing illegal drugs at that location. Based on these findings, the magistrate judge determined that the motion to suppress should be denied.

Having carefully reviewed the parties' briefs, the transcript of the suppression hearing, and the magistrate judge's M&R in light of relevant case law, this court agrees. The magistrate judge did not clearly err in his analysis, and his recommendation will be accepted.

## CONCLUSION

For the reasons set forth above, the court finds no clear error in the analysis set forth in the M&R. As such, the court ADOPTS as its own the findings and recommendations of the magistrate judge (DE # 41). As recommended by the magistrate judge, defendant's motion to suppress (DE #31) is DENIED.

SO ORDERED, this the 6th day of March, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

4