IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-296-FL
No. 5:16-CV-318-FL

| | |
|---|---|
| ERNEST JAMES MCDOWELL, JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | ORDER |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 93), wherein he asserts a claim pursuant to Johnson v. United States, __ U.S.__, 135 S. Ct. 2551 (2015). The government has responded to petitioner's motion to vacate, waiving procedural defenses and agreeing that petitioner should be resentenced in light of Johnson; United States v. Gardner, __ F.3d __, 2016 WL 2893881 (4th Cir. 2016); and United States v. Vinson, 805 F.3d 120 (4th Cir. 2015). (DE 99). For the reasons that follow, the court grants the motion.[1]

## COURT'S DISCUSSION

On March 16, 2011, petitioner pleaded guilty to distribution of and possession with intent to distribute a quantity of heroin, a violation of 21 U.S.C. § 841(a); and being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Based on petitioner's prior conviction for common law robbery under North Carolina law and petitioner's prior conviction for second degree burglary

---

[1] The government previously moved to dismiss petitioner's motion to vacate. (DE 97). In its later-filed response to petitioner's motion to vacate, the government asks to withdraw its motion to dismiss. Accordingly, that motion is DENIED as MOOT. (DE 97).

under New York law, among other prior convictions, the court sentenced petitioner to a 196 month term of imprisonment on his § 922(g) conviction, pursuant to the Armed Career Criminal Act (the "ACCA"), 18 U.S.C. § 924(e).

Petitioner's conviction for common law robbery under North Carolina law no longer is a "violent felony" in light of Johnson; United States v. Welch, __ U.S.__, 136 S. Ct. 1257 (2016), which held Johnson to be retroactive on collateral review; and Gardner. See 18 U.S.C. § 924(e)(2)(B). In addition, the government concedes that petitioner's prior conviction for second degree burglary under New York law no longer is a "violent felony" after Vinson. Accordingly, petitioner lacks the requisite three predicate felony convictions to qualify as an "armed career criminal" under the ACCA and must be resentenced. See id. § 924(e)(1).

## CONCLUSION

Based on the foregoing, the court GRANTS petitioner's motion to vacate, (DE 93), and DENIES as MOOT the government's motion to dismiss (DE 97). The clerk is DIRECTED to schedule petitioner for resentencing at the next available regularly scheduled term of court. The Federal Public Defender, or designee, is DIRECTED to enter an appearance for purposes of petitioner's resentencing hearing. The government is DIRECTED to ensure petitioner's timely writ, transportation, and housing for the resentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare, file under seal, and publish to the appropriate parties an updated presentence report, including recalculation of petitioner's corrected advisory guidelines range, within seven days of the date of resentencing.

SO ORDERED, this the 19th day of July, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

3

Case 5:10-cr-00296-FL   Document 100   Filed 07/19/16   Page 3 of 3